IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANCIS AKINRO  \*
    Plaintiff,
  v.  \* CIVIL ACTION NO. WMN-10-1453
SEARS, et al.  \*
    Defendants.
       \*\*\*

# MEMORANDUM

Plaintiff, a resident of Baltimore, Maryland who holds himself out as a "Professor," "Assistant Attorney General" for the State of Maryland," "U.S. Solicitor General" and Department of Justice employee, filed this 28 U.S.C. § 1331 action on June 1, 2010, naming a Sears Roebuck ("Sears") department store at a Baltimore County, Maryland shopping mall as Defendant. His statement of facts alleges that:

> "Since 2007, I have applied for Defendant's credit card up [to] fifty times both in the state of California and the state of Maryland. In all this, Defendant deny me of their credit card and line of credit and said I do not have good credit. Their conspirator are opening fire on me and prevent me from buying things on credit before they finally kill me."

Paper No. 1 at 2.

In his relief request, Plaintiff seeks the award of $497,000,000,000,000.00 and court order requiring Sears to issue him a credit card. *Id*. at 3. He further asks that life imprisonment and the death penalty be imposed on a Sears's "conspirator." Although Plaintiff's indigency application contains information the Court finds suspect,[1] he shall be granted leave to proceed *in forma pauperis*.

---

[1] Plaintiff claims that he receives $3,063.00 in monthly retirement income; has been employed by the U.S. Department of Justice since July of 2009; and has $200,000.00 accumulated at four separate banks. Paper No. 2.

This Court may preliminarily review the Complaint allegations before service of process and dismiss them *sua sponte* if satisfied that the Complaint has no factual or legal basis. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Cochran v. Morris,* 73 F.3d 1310, 1314 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995). As explained by the Supreme Court in *Neitzke*: "Examples of [factually baseless lawsuits] are claims describing fantastic or delusional scenarios, with which federal district judges are all too familiar." *Neitzke v. Williams*, 490 U.S. at 328.

Even when affording the *pro se C*omplaint and accompanying materials a generous construction, the Court finds no basis to allow the action to go forward or to require supplementation. The Complaint allegations are incredible and fail to set out a colorable federal claim. The matter shall be summarily dismissed under 28 U.S.C. § 1915(e). A separate Order follows.

Date: 6/7/10

/s/
William M. Nickerson
United States District Judge